UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREGORY BILLIOT | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| GULF COAST TUGS, INC. | * | SECTION: |
| *   *   *   *   *   *   * | * | MAGISTRATE: |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes GREGORY BILLIOT, a person of full age of majority and a resident of the Parish of Lafourche, State of Louisiana, and for his Complaint, he respectfully avers as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States.

II.

Plaintiff, GREGORY BILLIOT, at all times pertinent hereto, was a person of the full age of majority and resident of Larose, Louisiana.

III.

At all times pertinent hereto, Defendant, GULF COAST TUGS, INC., was and is a corporation with its principal place of business in Larose, Louisiana.

IV.

At all times pertinent hereto, defendant was the employer of Plaintiff, GREOGRY BILLIOT, and/or the owner and/or operator of the M/V MICHAEL L DAIGLE, the vessel on which plaintiff was injured, operating on the navigable waters of the United States of America.

V.

At all times pertinent hereto, Plaintiff, GREGORY BILLIOT, was employed by the defendant as a seaman and member of the crew of the vessel on which he was injured and acting within the course and scope of his employment with said defendants.

VI.

On or about March 6, 2020, the M/V MICHAEL L DAIGLE was operating in or near Jacksonville, Florida. As part of his assigned duties aboard the M/V MICHAEL L DAIGLE in conjunction with the vessel's mission, plaintiff was attempting to secure lines on the vessel. One of the lines was hanging which plaintiff was attempting to secure had slack in it to the extent that it was hanging in the water. Suddenly and without warning, and due to the negligence of the defendant and/or its agent and/or employees and/or due to the unseaworthiness of the vessel, as plaintiff was pulling slack out the aforementioned line, plaintiff was caused to sustain severe and disabling injuries as described herein.

VII.

Plaintiff was in no manner negligent. On information and belief, Plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the defendant, and its servants and/or agents, in carrying out their obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel on which plaintiff was employed, in one or more of the following respects:

1. Failing to provide Plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain the vessel;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

9. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional paind and suffering and damages;

10. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, GREGORY BILLIOT, sustained severe bodily injuries, including but not limited to possible ruptured and/or herniated discs and/or nerve damage in his spine, as well as injuires to his left knee and other injuries to the bones, muscles, joints, tendons and other parts of his body.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, GREGORY BILLIOT, has sustained damages in one or more of the following categories, to-wit:

1. Past and future medical expenses;

2. Past and future wage loss or diminution of earning capacity;

3. Past and future physical and mental pain and suffering;

4. Past and future loss of household services;

5.     Other damages to be shown at the trial of this matter.

X.

Pleading further, in the alternative, if it be shown that Plaintiff, GREGORY BILLIOT, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XI.

Plaintiff, GREGORY BILLIOT, would show that on the above mentioned dates, he was injured while in the service of the Defendant's vessel.  As a result, Defendant had a non-delegable duty to provide the Plaintiff, GREGORY BILLIOT, with maintenance and cure benefits.  The maintenance rate owed to Plaintiff, GREGORY BILLIOT, by defendant is upon information and belief approximately $50.00 (FIFTY AND 00/100 DOLLARS) per day, or such other amount to which he is legally entitled.

XII.

Should Defendant unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbirtartily and/or caprciously delay payment for maintenance and/or cure or pay an insufficient amount, then Defendants are legally liable to Plaintiff, GREGORY BILLIOT, for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

XIII.

Plaintiff respectfully demands a trial by jury on all issues so triable.

WHEREFORE, premises considered, Plaintiff, GREGORY BILLIOT, prays that this Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the plaintiff, GREGORY BILLIOT, and against Defendant, GULF COAST TUGS, INC., in damages in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendant for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) per day, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the defendant for for compensatory damages, attorney's fees, costs and exemplary/punitive damages for any willful, wanton, arbitrary, and/or capricious, failure and/or refusal to pay and/or delay in paying plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For a trial by jury on all issues so triable; and

5. For any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:

  s/ David C. Whitmore
LAWRENCE BLAKE JONES  (7495)
DAVID C. WHITMORE  (17864)
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, Louisiana  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380